JEREMIAH J. MANNING, administrator, *vs.* JOHN T. CONWAY.

Middlesex. March 12, 1906. — May 18, 1906.

Present : KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Practice, Civil,* Amendment. *Negligence.*

Under R. L. c. 173, § 48, and Rule 43, now Rule 40, of the Superior Court, that court may allow a plaintiff for whom a jury has returned a verdict on each of two counts, one under R. L. c. 171, § 2, for causing the death of the plaintiff's intestate, and the other at common law for causing conscious suffering of the plaintiff's intestate, to amend his declaration by striking out the count at common law, and whether the defendant may have been harmed by the introduction of evidence of conscious suffering is a matter to be considered by the presiding judge.

In an action under R. L. c. 171, § 1, against the proprietor of a heavy wagon drawn by two horses, for causing the death of the plaintiff's intestate, a boy about five years of age, by the alleged gross negligence of a servant of the defendant, it

---

appeared that the defendant's servant was driving the team at a pretty fast rate in a street twenty-two or twenty-three feet wide on the right hand side of the road two or three feet from the sidewalk, that the driver had his head partly turned toward the centre of the street and was talking with his helper who stood behind the seat, that a coal team in the middle of the road was coming toward him, and that when the teams were almost on each other, the defendant's servant gave his horses a quick jerk and turned them in toward the sidewalk to avoid the coal team, that, in so turning, the hind wheels slid in toward the sidewalk at a place where a plank had been placed in the gutter against a depression in the edgestone to make a more gradual ascent to a driveway over the sidewalk and into a yard, that the plaintiff's intestate had been playing there with another boy and was standing with his left foot on the plank and his right foot on the edgestone, that, when the wagon slid, one of the hind wheels ran up on the plank and ran over the intestate. It did not appear from the plaintiff's evidence that the driver saw the boy. *Held,* that there was no evidence to go to the jury of gross negligence of the defendant's servant, and that the presiding judge should have ordered a verdict for the defendant.

LATHROP, J.    This is an action of tort in three counts.    The first count is under the R. L. c. 171, § 2, for causing the death of the plaintiff's intestate, and alleges negligence on the part of the defendant personally.    The second count is under the same statute and alleges gross negligence and carelessness on the part of the defendant's agents and servants.    The third count is at common law for conscious suffering on the part of the plaintiff's intestate, after the injury and before his death which took place on the following day.

At the close of the evidence the judge ruled that there was no evidence to warrant a verdict on the first count, but submitted the second and third counts to the jury, who assessed damages for the plaintiff under each of these counts.    The plaintiff was afterwards allowed to amend his declaration by striking out the third count.    The defendant excepted to this, and contends that this should not have been allowed; and this raises the first question in the case.

We have no doubt that it was within the power of the court to allow this amendment.    R. L. c. 173, § 48.    Rule 43 of the Superior Court of 1900.*    The case was tried before the decision of this court in *Brennan* v. *Standard Oil Co.* 187 Mass. 376, which held that a count at common law could not be joined with counts under the statute.    The defendant may have been harmed by the introduction of evidence of conscious suffer-

* Rule 40 of 1906.

ing, but this was a matter for the consideration of the judge below. *Hayward* v. *French,* 12 Gray, 453, 460. *Drew* v. *Farnsworth,* 186 Mass. 365.

The remaining question is whether there was any evidence of gross negligence on the part of an agent or servant of the defendant.

The accident occurred on Elm Street in Lowell, on May 13, 1902. The plaintiff's intestate was a boy five years and thirteen days old. He had been playing ball on the sidewalk with another boy. Near where he had been playing there was a depression in the edgestone of the sidewalk, and there was a plank or log lying in the gutter in front of and against this depression, so as to make a more gradual ascent to a driveway over the sidewalk and into a yard. There was a slight groove between the edgestone and the plank, and just before the accident the intestate was rolling a ball along this groove. He was standing on one end of the plank, with his left foot on the plank and his right foot on the edgestone. The other boy was at the other end of the plank. There were trees in the street outside the edgestone, and one of them was near where the intestate stood and between him and Central Street. The defendant's team, consisting of a heavy wagon drawn by a pair of horses, came from Central Street, at a pretty fast rate, driving on the right hand side of the road two or three feet from the sidewalk. The wagon made a good deal of noise, and could be heard some way off. The driver, who was on the seat, had his head partly turned to the left toward the centre of the street, and was talking with his helper who stood behind the seat. There was a coal team in the middle of the road coming towards the defendant's team. When the two teams were within five or ten yards of each other, or almost on each other, the heads of the horses of the defendant's team being then nearest the driveway, or the tree nearest the driveway, the defendant's driver gave his horses a quick jerk and turned them in toward the sidewalk so as to avoid the coal team. In so turning the rear wheels slid in toward the sidewalk, and one of the rear wheels ran up on the plank and ran over the intestate. Elm Street is between twenty-two and twenty-three feet wide.

The evidence given by the defendant's witnesses was to the

effect that the boy ran out into the street against the off horse, and was thus knocked under the wheels. We assume the evidence for the plaintiff to be true.

The statute under which this action is brought had its origin in the St. of 1898, c. 565, though there were many previous statutes giving damages for death. These statutes are commented on and fully considered in *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510.

To entitle the plaintiff to recover under the R. L. c. 171, § 2, the plaintiff must show that there was no contributory negligence on the part of the intestate, or on the part of those who had charge of him. This question is not free from doubt, inasmuch as the boy was playing where his father, who had charge of him, could not see him, but we assume that there was some evidence on this question for the jury.

The plaintiff must also show that there was gross negligence on the part of the driver of the wagon.

It was said in *Brennan* v. *Standard Oil Co.* 187 Mass. 376, 378, a case under the St. of 1898, c. 565 : "Gross negligence is a materially greater degree of negligence than the mere lack of ordinary care. The statute compels us to recognize this distinction in the trial of cases like that now before us." We find nothing in the evidence in this case which would warrant the jury in finding that there was gross negligence on the part of the driver. It is contended that the driver was going at too fast a rate of speed, but the only evidence is that he was going at a pretty fast pace. It cannot be contended that he was obliged to walk his horses in that street. There was no evidence that his horses were going at a gallop, while there is evidence that they were trotting. We see nothing in this to show gross negligence. Then it is said that he should not have kept his eyes on the middle of the street, but the only danger he had to anticipate was from the approaching coal wagon which was coming in the middle of the street. The situation was a peculiar one, and when he saw that the driver of the coal wagon was not going to turn out, the only thing possible for him to do to avoid a collision was to turn his horses quickly to the right. It was a skilful act, and not one of gross negligence. The fact that the wheels skidded, and one of them struck the plank, was not to be

anticipated. It does not appear from the plaintiff's evidence that the driver saw the boy.

Without pursuing the matter further in detail, we are of opinion that the judge should have directed the jury, as requested by the defendant, to return a verdict for the defendant.

*Exceptions sustained.*

*W. L. Harris,* for the defendant.
*L. S. Cox,* for the plaintiff.