ROSE RENAUD, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Worcester.   October 4, 1910. — October 19, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Verdict.   *Negligence.   Railroad.*

In an action by an administrator against a railroad corporation under R. L. c. 111, § 267, as amended by St. 1906, c. 463, Part I. § 63, to recover damages for the death of the plaintiff's intestate, while a passenger of the defendant, alleged to have been caused by the negligence of the defendant and by the unfitness or gross negligence of its agents or servants, there was evidence for the jury of gross negligence on the part of the servants of the defendant, but there was no evidence of negligence on the part of the defendant itself.   The presiding judge

refused to instruct the jury that there was no evidence of negligence on the part of the defendant as distinguished from its servants, and instructed them that if they found negligence on the part of the corporation or gross negligence on the part of its servants they should find for the plaintiff. The jury returned a general verdict for the plaintiff, and exceptions were alleged by the defendant. *Held,* that the exceptions must be sustained and there must be a new trial, because the instruction which was refused should have been given, and under the instruction given the general verdict might have been based on supposed negligence of the corporation.

In an action by an administrator against a railroad corporation under R. L. c. 111, § 267, as amended by St. 1906, c. 463, Part I. § 63, to recover damages for the death of the plaintiff's intestate, which occurred before the amendment of the statute by St. 1907, c. 392, while the intestate was a passenger of the defendant, and was alleged to have been caused by the negligence of the defendant or the gross negligence of its servants, " gross negligence " means negligence materially greater than the lack of ordinary care.

In an action by an administrator against a railroad corporation under R. L. c. 111, § 267, as amended by St. 1906, c. 463, Part I. § 63, if it is shown that a rule of the defendant in force at the time of the accident required that no train should pass a station on a double track while another was receiving or discharging passengers (except as might be especially provided in time-table) unless fences existed between the tracks, that the plaintiff's intestate was a passenger on a local train of the defendant and that on alighting in front of the station of the defendant at his place of destination he was struck and instantly killed by an express train of the defendant, which was coming on a parallel track from the opposite direction from that in which he had been travelling and which ran past the station without any slackening of speed, there is evidence for the jury of gross negligence on the part of the servants of the defendant.

TORT under R. L. c. 111, § 267, as amended by St. 1906, c. 463, Part I. § 63, by the administratrix of the estate of Maxime Renaud to recover damages for the death of the plaintiff's intestate, while a passenger of the defendant, alleged to have been caused by reason of the negligence of the defendant and by the unfitness or gross negligence of its agents or servants. Writ dated November 8, 1906.

In the Superior Court the case was tried before *Dana,* J. The accident which resulted in the death of the intestate occurred on the premises of the defendant in front of its South Fitchburg station at about 7.08 P. M. on October 26, 1906. The intestate was struck and instantly killed by an express train upon alighting from a local passenger train. South Fitchburg is a flag station about a mile south of the Fitchburg station. In front of the station the tracks run practically north and south for a distance of seven hundred feet in each direction, beyond which the view is cut off by curves. The station building itself is situated on

the westerly side of the tracks, and between the building and the westerly track is a plank platform about twenty-four feet wide and sixty feet long.    The track nearest the station is the south bound track on which the express train which struck the intestate approached.    The space between the plank platform and this track is filled with gravel even with the platform.    Between the rails of the westerly track planking is laid extending about twenty-five feet north and south in front of the station.    The next track is the north bound track on which the local train from which the intestate alighted approached South Fitchburg. The space between the two tracks is filled in with gravel even with the top of the rails.    East of the north bound track is a third track leading to a coal shed and used only as a freight siding.    A passenger getting off a north bound train has to alight upon the west side and cross the south bound track in order to get to the station.    The rule of the defendant, the violation of which was relied upon by the plaintiff as showing gross negligence on the part of the defendant's servants, is quoted in the opinion.    There was evidence that the express train was going very fast, and that it did not slacken its speed as it went by the station.

At the close of the evidence, the defendant asked the judge to rule (1) that upon all the evidence the plaintiff could not recover, (2) that there was no evidence of negligence on the part of the defendant, and (3) that there was no evidence of gross negligence on the part of the agents or servants of the defendant.    The judge refused to make any of these rulings, and instructed the jury that "in order for the plaintiff to recover he must prove either negligence of the corporation or the gross negligence of the servant or agent, or both," with further instructions which left it open for the jury to find either of these kinds of negligence.

The jury returned a verdict for the plaintiff in the sum of $3,791.66; and the defendant alleged exceptions.

*A. J. Young,* for the defendant.

*D. I. Walsh,* for the plaintiff.

LORING, J.    One of the rules of the defendant corporation in force at the time of the accident here in question provided that: "No train will pass a station on a double track while another is receiving or discharging passengers (except as may be especially

provided in time-table), unless fences exist between the tracks."
Had this rule been kept by its employees this accident would
not have happened.

In leaving to the jury the question of negligence on the part
of the corporation the presiding judge did not suggest what
could have been done by the defendant corporation beyond
what it did. The only thing suggested by the learned counsel
for the plaintiff is that there was a violation of R. L. c. 111,
§ 200. But the posting of a brakeman between every two cars
does not insure the presence of one at each end of each car.

Of the thirteen cases relied on by the plaintiff in support of
her contention on this point, one only (*Commonwealth* v. *Coburn*,
132 Mass. 555) is a case for a penalty for the death of a passen-
ger or other person. There is nothing in that one (*Common-
wealth* v. *Coburn*) which helps the plaintiff.

We are of opinion that the evidence did not warrant a finding
of negligence on the part of the corporation. The jury were
instructed that if they found negligence on the part of the cor-
poration or gross negligence on the part of its servants, they
should find for the plaintiff. The verdict was a general one,
and may have been based on negligence by the corporation. It
follows that there must be a new trial.

The defendant has contended that there was no evidence of
gross negligence on the part of the defendant's servants. Gross
negligence under the statute * means negligence materially
greater than the lack of ordinary care. *Lanci* v. *Boston Elevated
Railway*, 197 Mass. 32. *Manning* v. *Conway*, 192 Mass. 122, 125.
*Brennan* v. *Standard Oil Co.* 187 Mass. 376, 378.

When the injury likely to ensue from failure to do that which
ought to be done is a fatal or a very serious one, what other-
wise would be a lack of ordinary care may be found to be gross
negligence. *Hartford* v. *New York, New Haven, & Hartford
Railroad*, 184 Mass. 365. *Mullins* v. *New York, New Haven, &
Hartford Railroad*, 201 Mass. 38. See also *Hale* v. *New York,
New Haven, & Hartford Railroad*, 190 Mass. 84.

That applies to the case at bar, where the negligence consisted
in driving an express train past a station without any slacken-

---

* The word "gross" was stricken from the statute by St. 1907, c. 392.

ing of speed while a local train was stopping to discharge its passengers.

The difficulty with the argument made by the learned counsel for the defendant on this point is that he assumes that the jury were bound to give credit to the story told by the defendant's engineer as to the care with which he looked for the local train, and to his testimony and that of the fireman that the local train was shut out from view by the smoke settling down. The jury were at liberty to entirely disregard that testimony. See *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314.

*Exceptions sustained.*