## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

ANNA F. ADAMS, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk. November 19, 1912. — February 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Gross, Causing death. *Practice, Civil*, Ordering verdict, Exceptions.

In an action by an administrator against a street railway company under St.
1906, c. 463, Part I, § 63, for causing the death of the plaintiff's intestate by
reason of the alleged gross negligence of the servants of the defendant, before
the enactment of St. 1907, c. 392, which struck out the word "gross" from the
statute, it appeared that the accident happened at about eleven o'clock on a
somewhat foggy night on a city street about forty feet wide between the curbs
in a thickly settled quarter, that parallel tracks of the defendant were in the
street, that the plaintiff's intestate was walking, and started to cross the street
at a cross walk, that before stepping from the curbstone he looked up and down
the street, and that later his body was found near the opposite curbstone in such
a position as to indicate that he had almost crossed the farther track when he
was struck by a car of the defendant, that the street at the time was practically
unobstructed and that under ordinary conditions the plaintiff's intestate and
the defendant's motorman as they approached each other could have seen the
street between them for a distance of eight hundred feet, that an ordinance
prohibited a car from moving on that street at a rate faster than ten miles an
hour, that the car at the time of the accident was going faster than cars ordi-
narily went on that street at that time of night, and its rate of speed was esti-
mated by one of the witnesses at about twelve miles an hour or a little over.
*Held*, that, although there was evidence of want of ordinary care on the part of
the motorman, there was no evidence of his gross negligence, and therefore that

the plaintiff was not entitled to recover, and it was not necessary to consider whether there was evidence that the plaintiff's intestate was in the exercise of due care.

Where a trial judge orders a verdict on a certain ground, his ordering of the verdict will be sustained upon exceptions if it was right on a ground different from the one stated.

TORT, by the administratrix of the estate of John A. Weiberg, for causing the death of the plaintiff's intestate on October 5, 1906, by reason of the alleged gross negligence of the defendant's agents or servants in running into him with an electric street car of the defendant when he was crossing Hanover Street in Boston in the exercise of due care. Writ dated November 19, 1906.

In the Superior Court the case was tried before *Brown*, J. At the close of the plaintiff's evidence, which is described in the opinion, the judge ruled that the plaintiff had not shown that her intestate was in the exercise of due care, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*E. Greenhood*, for the plaintiff.

*E. P. Saltonstall*, for the defendant.

RUGG, C. J. This is an action brought to recover damages for the instantaneous death of a pedestrian on Hanover Street, caused by collision with a car of the defendant on October 5, 1906. At that time St. 1906, c. 463, Part I, § 63, was in force. In order to recover the plaintiff must prove that her intestate was in the exercise of due care, and that his death was caused by the "gross negligence" of the defendant's agents or servants. St. 1907, c. 392, which has stricken out the word "gross" was not then enacted. The evidence tended to show that at eleven o'clock, on a somewhat foggy night, the plaintiff's intestate was struck by a car of the defendant running westerly on Hanover Street. The street was approximately forty feet wide between the curbs, and in it were two tracks of the defendant. It was agreed that the view was substantially unobstructed; that both the plaintiff's intestate and the motorman could observe the street between them as they approached each other for a distance of eight hundred feet under ordinary conditions; that at the time of the accident there was no diverting travel or other incidents on the street, and that the car had the usual headlight and other lights. There was evidence that the plaintiff's intestate, starting from the curbing of the sidewalk to the cross walk, looked up and down the street, and that

later his body was found near the opposite curbstone in such a position as to indicate that he had almost crossed the track on which the car was coming when it struck him. There was testimony that the car was going faster than cars ordinarily went on that street at that time of night, and one of the witnesses estimated the rate of speed at about twelve miles an hour or a little over. The ordinances in force at the time prohibited a car going on Hanover Street "at a rate faster than ten miles an hour" and required the motorman also "to strike a bell several times in quick succession on approaching any team, carriage or person." Hanover Street is a main street in a thickly settled part of Boston on which people were in the habit of being in considerable numbers up to eleven o'clock. It did not appear that any one else was crossing the street at or near this place. The car went a considerable distance after the plaintiff's intestate was struck. There was no evidence as to the motorman, beyond whatever is inferable from that which has been stated.

The plaintiff's intestate and the defendant's motorman were on a par with each other, so far as the power of observation, the one by the other, was concerned. In numerous cases, where there has been held to be evidence of gross negligence, the deceased has been in such position that it was impossible for him reasonably to observe the impending danger, as the one in charge of the car well knew. *Hartford* v. *New York, New Haven, & Hartford Railroad,* 184 Mass. 365, *Mullins* v. *New York, New Haven, & Hartford Railroad,* 201 Mass. 38, *Renaud* v. *New York, New Haven, & Hartford Railroad,* 206 Mass. 557, are illustrations of this principle. Where the opportunity for observation is equal, and neither person is under any disability, growing out of youth or age or bodily or mental infirmity or otherwise, and is not in charge of a vehicle nor encumbered by any impediment apparently limiting freedom and ease of action, and where the parties owe to each other correlative duties and obligations the same in kind and degree, it would be difficult to conceive of a case where the facts at the same time would warrant a conclusion that one party to a fatal collision between travellers on a highway was in the exercise of due care and the other grossly negligent. The circumstances of the present case do not justify a finding of gross negligence on the part of the motorman. He and the plaintiff's intestate were both travellers

upon a highway on an equal footing as to opportunity and ability for observation, and the right to rely to a reasonable extent upon the exercise of ordinary caution by the other. The speed of the car, while it might have been found to be slightly in excess of that authorized by the ordinance, was not inordinate under all the circumstances, and did not constitute gross negligence, although it was evidence of a failure to exercise ordinary care. *Caswell* v. *Boston Elevated Railway*, 190 Mass. 527. The case is distinguishable from those like *Evenson* v. *Lexington & Boston Street Railway*, 187 Mass. 77, and *Berry* v. *Newton & Boston Street Railway*, 209 Mass. 100, where the tracks were upon the side of the street, and the car was driven with unabated speed past intersecting streets, where the view of approaching travellers was seriously obstructed, and hence a burden of corresponding care was imposed on the motorman. It is distinguishable in a further respect from *Beale* v. *Old Colony Street Railway*, 196 Mass. 119, in that there is wanting definite evidence of specific acts of inattention to clear duty on the part of the motorman. It is not like *Breen* v. *Boston Elevated Railway*, 211 Mass. 519, where the fatality occurred after the passage of St. 1907, c. 392, and the defendant was liable if simple negligence of its employee was shown, nor like *Ingraham* v. *Boston & Northern Street Railway*, 207 Mass. 451, where the deceased was a child too small to care for herself and in the plain view of the motorman. In a case like the present, where the duty owed by the defendant was "to exercise ordinary care, gross negligence has been defined to be 'a materially greater degree of negligence than the lack of ordinary care.' See *Brennan* v. *Standard Oil Co.* 187 Mass. 376, 378; *Manning* v. *Conway*, 192 Mass. 122, 125; *Lanci* v. *Boston Elevated Railway*, 197 Mass. 32. In such a case gross negligence may also be defined to be a failure to exercise a slight degree of care." *Dimauro* v. *Linwood Street Railway*, 200 Mass. 147, 149. It has been said frequently that the distinction between negligence and gross negligence is one established by the statute, is real and not unsubstantial or shadowy, and must be recognized and enforced by the courts.

The facts of this case, as was said in *Devine* v. *New York, New Haven, & Hartford Railroad*, 205 Mass. 416, 418, fall short "of establishing that carelessness on the part of the servants of the defendant, manifestly materially greater than want of common

prudence, which is necessary in order to reach gross negligence. A substantially and appreciably greater degree of negligence than failure to exercise ordinary care must be shown before the heedless and palpable disregard of the safety of others is proved, which characterizes that excess of ordinary negligence, termed 'gross' in the statute." *Martin* v. *Boston & Northern Street Railway*, 205 Mass. 16. The case belongs to the same class as *Moran* v. *Milford & Uxbridge Street Railway*, 193 Mass. 52, *Dimauro* v. *Linwood Street Railway*, 200 Mass. 147, and *Caswell* v. *Boston Elevated Railway*, 190 Mass. 527.

It becomes unnecessary to decide whether the plaintiff's intestate was in the exercise of due care. It is familiar law that the ruling of the trial court should stand if sound on any ground, even though different from that stated below.

*Exceptions overruled.*