Hart, J.
The principal ground of complaint made by the defendant is that the Court of Appeals erred in affirming that part of the judgment of the trial court based on the second cause of action, notwithstanding there was an improper joinder of causes of action.
The solution of this problem calls for an analysis *378 of the nature of the causes of action so joined and an examination of the scope of the statute permitting the joinder of causes of action. The right of action based on the first cause of action, popularly known as “survivor action,” is provided by Section 11235, General Code, reading as follows:
‘ ‘ In addition to the causes which survive at common law, causes of action for * * * injuries to the person or property * * * also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto.”
Under this statute the courts of this state have consistently held that, where one is wrongfully injured and later dies, his estate through his administrator or executor may recover for pain or suffering endured by the person so injured. The administrator or executor in maintaining such action acts in his official capacity for the benefit of the decedent’s estate.
The right of action based on the second cause of action, popularly known as “a wrongful death action,” is provided by Sections 10509-166 and 10509-167, General Code, the pertinent parts of which are as follows:
Section 10509-166. “When the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corporation which, or the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured * *
Section 10509-167. “An action for wrongful death must be brought in the name of the ■ personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children *379 and other next of kin of the decedent. The jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought.”
The administrator or executor in maintaining this type of action acts as a trustee not for the estate but for the sole benefit of persons designated in the statute as the next of kin of the decedent. The administrator or executor is a mere nominal party to the action, having no interest in the case for himself or the estate he represents. The action is for the sole benefit of such next of kin. Wolf, Admr., v. Lake Erie & Western Ry. Co., 55 Ohio St., 517, 45 N. E., 708, 36 L. R. A., 812.
Judge Allen, in summarizing the implications of the procedure adopted in the case of May Coal Co. v. Robinette, Admr., 120 Ohio St., 110, 165 N. E., 576, 64 A. L. R., 441, presenting questions similar to those in the instant cases, said:
“It is in brief the contention of the plaintiff in error that the parties, plaintiff and defendant, in the two cases are the same, that the issues of negligence and contributory negligence raised by the pleadings are identical, that the real parties in interest, the beneficiaries under both actions, are exactly the same, and hence the adverse termination of the survivor action is a complete bar to the prosecution of the death action. This court, however, cannot agree that the real parties in interest are exactly the same, nor that the causes of action are identical. Under Section 10772 the death action is to be prosecuted by the administrator, for the exclusive benefit of the wife or husband and children, or, if there be neither of them, then of the parents and next of kin of the decedent. The action prosecuted under Section 11235 is for the benefit of the estate. If any judgment is secured under the survivor action, it *380 may be entirely consumed by creditors, and may be of no benefit whatever to the wife or husband and children, the parents or next of kin. It is the death which is the foundation of the present action, and not the injury. Robinson v. C. P. Ry. Co. [1892] L. R., A. C., 481. In the case of the survivor action, the administrator sues as legal owner of the general personal estate which has descended to him in course of law; under Section 10770, he sues as trustee in respect of a different right altogether, on behalf of particular persons designated in the act. While the machinery of the action in the one case is the same as the machinery in the' other, the death action is an action given expressly by the statute, and the rights which give rise to the two actions are entirely different. Leggott, Admx., v. G. N. Ry. Co. [1875-76], 1 L. R., Q. B. Div., 599.” (Italics supplied.)
The procedure adopted by the Common Pleas Court and the Court of Appeals in the instant cases confirms the fact that two separate and distinct actions were litigated therein as two causes of action in a single action. Two separate claims on behalf of different parties in interest are made in the petition against the defendant. A separate finding was rendered upon each cause of action. Although the Court of Appeals found that the two causes of action were properly joinable, it affirmed one part of the judgment but reversed the other and in lieu thereof entered final judgment.
Did the Court of Appeals err in holding that the two causes of action set out in the petition were properly joined? Such a joinder is not permitted at common law because there is no mutuality of the different capacities of the plaintiff and no mutuality of claims against the defendant. It remains to be determined whether, in the instant cases, the statutes of Ohio authorized a joinder of the two causes of action, each of which is the subject matter of a separate and independent right of action.
*381 As a general rule, a plaintiff cannot in the same action sue in more than one distinct right or capacity. Bostrom v. Jennings, 326 Mich., 146, 40 N. W. (2d), 97; Nolan, Atty. Genl., v. McCoy, 73 A. (2d), 693; Stock-Growers’ Bank v. Newton, 13 Colo., 245, 22 P., 444; Bennett v. Spartanburg Ry., Gas & Electric Co.. 97 S. C., 27, 81 S. E., 189.
The rule against a suit by a plaintiff in more than one distinct right has been held to preclude a joinder by a personal representative of a cause of action for personal injury to his decedent with a cause of action for the decedent’s wrongful death. 1 Corpus Juris Secundum, 1281, Section 97 f; Bennett v. Spartanburg Ry., Gas & Electric Co., supra; Grainger, Admr., v. Greenville, Spartanburg & Anderson Ry. Co., 101 S. C., 399, 85 S. E., 968.
In some jurisdictions, however, it is held that an administrator or executor may join such causes of action. Hindmarsh, Admx., v. Sulpho Saline Bath Co., 108 Neb., 168, 187 N. W., 806; Koehler, Admr., v. Waukesha Milk Co., 190 Wis., 52, 208 N. W., 901; Beauvais, Exrx., v. Springfield Institution for Savings, 303 Mass., 136, 20 N. E. (2d), 957, 963, 124 A. L. R., 611; Rasmussen, Admx., v. Benson, 133 Neb., 449, 275 N. W., 674, 122 A. L. R., 1468, 1475.
But all authorities seem to hold that a cause of action for suffering and one for wrongful death arising out of the same wrongful act can not be joined without an enabling statute. Gilpatrick, Admx., v. Cotting et al., Trustees, 214 Mass., 426, 427, 101 N. E., 993; Manning, Admr., v. Conway, 192 Mass., 122, 78 N. E., 401; Brennan, Admr., v. Standard Oil Co., 187 Mass., 376, 73 N. E., 472; Finnegan, Admr., v. Checker Taxi Co., 300 Mass., 62, 14 N. E. (2d), 127, 132; Beauvais, Exrx., v. Springfield Institution for Savings, supra.
Section 11306, General Code, provides as follows:
“The plaintiff may unite several causes of action in *382 the same petition, whether they are legal or equitable, or both, when they are included in any of the following classes:
“1. The same transaction;
“2. Transactions connected with the same subject for action;
i i * # * 5 ?
The provisions of this section, however, are limited by Section 11307, General Code, which is as follows:
“The causes of action so united "must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action. ’ ’ (Italics supplied.)
A purpose of such section must be to prohibit the joinder of causes of action which do not affect all the real parties to the action in the same interest. In the instant cases the limitation of the statute applies solely to the different capacities of the administrator. The supreme test as to whether a party is affected by a cause of action is, does he have a legal interest in rights which are the subject matter of the cause of action. A right of action is a remedial right affording redress for the infringement of a legal right belonging to some definite person, whereas a cause of action is the operative facts which give rise to such right of action. When a legal right is infringed, there accrues, ipso facto, to the injured party a right to pursue the appropriate legal remedy against the wrongdoer. This remedial right is called a right of action. The plaintiff must show a right in himself, recognized by law, and a wrongful invasion thereof; and since both rights and delicts are operative facts, he must show as to himself such fact or group of facts as will invest a consequent remedial right and must show as to the adversary party, such culpatory act or acts as will disclose the latter’s infringement of the specific legal right so asserted. It must follow that only he who is invested *383 with the legal right, which is the subject matter of any particular cause of action, can be affected by the latter. In other words, a party is affected by a particular cause of action only when he is invested to some degree with the right which is the subject matter of such cause of action.
Applying this test, it must be obvious that in the instant cases the administrator of the estate as such was not invested with any right involved in the wrongful death cause of action and, therefore, could not be affected by the second cause of action, which conclusion prohibits the joinder of the two causes of action under the statute.
That the administrator is not the “same person” in the two causes of action and is not affected in either capacity by both causes of action is further demonstrated by the fact that an adverse judgment against him in the survivor cause of action would not constitute res judicata and estoppel against him as the nominal party in the wrongful death cause of action in regard to identical points in issue in both causes as would be the case were the capacities identical (Norwood v. McDonald et al., Admrs., 142 Ohio St., 299, 52 N. E. [2d], 67; The J. R. Langdon, 163 F., 472; Lyons v. Empire Fuel Co., 262 F., 465; State, ex rel. Moore, v. Industrial Commission, 141 Ohio St., 241, 47 N. E. [2d], 767; Ross, an Infant, v. Stricker, 153 Ohio St., 153, 91 N. E. [2d], 18; Conold v. Stern, 138 Ohio St., 352, 35 N. E. [2d], 133, 137 A. L. R., 1003), for the very good reason that there is no identity of capacities of the plaintiff in the two causes of action herein. May Coal Co. v. Robinette, Admr., supra.
This point is well presented as follows in the course of the opinion of the court in the case of McCarthy, Admr., v. William H. Wood Lumber Co., 219 Mass., 566, 107 N. E., 439:
‘ ‘ The plaintiff contends that, although the two causes *384 of action [prosecuted by administrator, one a survivor cause of action determined adversely to such administrator and the other a wrongful death cause of action determined in favor of the administrator] are different, yet the parties are the same and hence the former judgment is conclusive in this action as to such issues as necessarily were involved or were in issue and actually decided in the determination of the earlier case. Foye v. Patch, 132 Mass. 105, 110. Virginia-Carolina Chemical Co. v. Kirven, 215 U. S., 252, 257. Whether this contention is sound or not depends upon the determination of the further question whether the plaintiff in the present action is the same party, in the sense in which that word is used in the statement of the doctrine of res judicata, as was the plaintiff in the former action, or is in privity with that plaintiff. The plaintiff in the former case in the strict sense represented the deceased and stood in her shoes. In the present case he does not represent her or her estate. The cause- of action does not come to him as a survival from his intestate, but as an obligation springing into existence after her death, which becomes in a sense a trust in his hands to be executed wholly for the .benefit of the next of kin, and not at all for the benefit of her estate. The administrator is selected merely as a convenient instrumentality for the collection of the fine which in substance the law imposes for negligently causing the death. * * * a direct action by the beneficiary might have been allowed, as is now provided by our Employers ’ Liability Act, to the widow of an employee who died without conscious suffering. Gustafsen v. Washburn & Moen Manuf. Co., 153 Mass., 468. In such cases it would be plain that the administrator would have nothing to do, directly or indirectly, with the proceeding for the collection of the penalty and no interest immediate or remote in its result. * * *
6 Í * # #
*385 “The distinction between the same person suing in different rights has been pointed out in numerous cases. In order that there may be any estoppel the person must sue in the same capacity. Although the same individual may be party plaintiff in two actions against the same defendant, if he brings one action in a different right or in a different capacity from that in which he brings the other, then he is not in truth the same person. He cannot in the one take advantage of nor be bound by a previous judgment or admission in the other. * * *”
Section 27.591 of Michigan Statutes provides:
“The plaintiff may join in one action, at law or in equity, as many causes of action as he may have against the defendant * * *; but when there is more than one [1] plaintiff, the causes of action joined must be joint * * * JJ
In construing this statute the Supreme Court of Michigan in the case of Bostrom v. Jennings, 148, supra, wherein the plaintiff in one action sued in his own right and as administrator of the estate of his deceased wife to recover for damages to his automobile, for personal injuries sustained by himself and for personal injuries suffered by his wife resulting in her death, said:
“The * * * statute relied upon by the trial court does not authorize joinder of plural plaintiffs unless their causes of action be joint nor ‘permit plaintiff to join causes of action in more than one distinct right or capacity.’ Jones v. City of Detroit, 227 Mich., 272. Plaintiff sued in 2 capacities. His individual cause of action and that in his representative capacity constituted 2 distinct causes of action in no wise joint. Gumienny v. Hess, 285 Mich., 411. As such the joinder was improper. * * *”
This court is aware of the fact that courts of many states permit a joinder of causes of action similar in *386 form to those joined in the instant cases. But in most of such states procedural statutes have been enacted or amended specifically permitting such joinder without limitation as to common interest in or affection by the several causes of action, treating the causes of action as separate actions and providing for separate verdicts and judgments.
Rule 23, civil procedure of the state of Iowa, provides in part as follows:
“Any number of persons who claim any relief, jointly, severally or alternatively, arising out of or respecting the same transaction, occurrence or series of transactions or occurrences, may join as plaintiffs in a single action, when it presents or involves any question of law or fact common to all of them. They may join .any causes of action, legal or equitable, independent or alternative, held by any one or more of them which arise out of such transaction, occurrence or series, and which present or involve any common question of law or fact.”
Rule 26, ibid., provides:
“A party need not be interested in obtaining or defending against all the relief demanded. Judgment may be given respecting one or more parties according to their respective rights or liabilities.”
Under the provisions of that statute the two causes of action in the instant cases could have properly been joined because there existed in each the common issue of negligence on the part of the defendant in causing injury to the decedent.
The Court of Appeals in the instant cases stated the question for decision as follows: “Does the elimination of a multiplicity of actions growing out of the same occurrence, outweigh the possible harm arising from the introduction of evidence perfectly proper under one cause of action, which would possibly be inadmis *387 sible in the other?” The court answered this question in the affirmative.
This court takes the view that a reasonable interpretation of the Ohio joinder statute, with the limitation thereon hereinbefore noted, requires it to hold that the causes of action in the instant cases, for reasons herein stated, may not be joined. In passing, it is to be observed that there may be some procedural advantages in a joinder, the chief of which is said to be the consistent holding for the plaintiff or defendant on two causes of action, yet the net result must be increased danger of error on the part of the court in the submission of multiple causes of action to the jury and confusion on the part of the jury in the application of the evidence and law in attempting to render two separate and distinct verdicts.
Some of these difficulties arise from the fact that in a survivor action evidence of pain and suffering is admissible, whereas in a wrongful death action it is not. In the instant cases, there are some indications, in view of the size of the verdict as to the wrongful death cause of action, that the admission.of evidence of pain and suffering on the part of the decedent and the gruesome details of his horrible death worked to the prejudice of the defendant. Again, declarations against interest by a decedent are admissible in a survivor action, whereas they are not so admissible in a wrongful death action. In the survivor action the plaintiff must prove only that the wrongful injury was the proximate cause of decedent’s pain and suffering, but not necessarily the'cause of his death, whereas in the wrongful death action the plaintiff must show that the injury was the cause of death. Goltz v. Besarick, 313 Mass., 14, 46 N. E. (2d), 9.
The defendant takes the position that the reversal by the Court of Appeals of that part of the judgment *388 in its favor on the survivor cause of action should not be disturbed because the administrator sought and procured the misjoinder, and because the reversal was based on the fact that there was no evidence to support such portion of the judgment. But this court is of the opinion that the error of a misjoinder tainted the entire verdict and judgment, and that in fairness to all parties the entire judgment should have been reversed. It is unnecessary to discuss other alleged errors.
The judgment of the Court of Appeals is reversed and cause remanded to the Common Pleas Court for further proceedings according to law.

Judgment reversed.

Stewart, Middleton and Matthias, JJ., concur.