Allen, J.
 

 Is a judgment adverse to the administrator of a decedent in his action to recover dam
 
 *113
 
 ages for the benefit of the estate of his decedent, arising out of a personal injury, a bar to the subsequent prosecution by the administrator of an action under Section 10770
 
 et seq.,
 
 General Code, for the benefit of the wife, husband, and children, or parents and next of kin of the decedent?
 

 Since the Court of Appeals reversed the judgment of the trial court for failure to sustain the demurrer to the third defense of the answer, this is the single legal question presented by this record. The solution of this question depends upon the construction of Sections 10770, 10772, and 11235, General Code, which read in their pertinent portions as follows:
 

 Section 10770. “When the death of a person is caused by wrongful act, neglect or default, such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corporation which, or the person who would have been liable if death had not ensued, * * * shall be liable to an action for damages, notwithstanding the death of the person injured * * *.”
 

 Section 10772. “Such actions shall be for the exclusive benefit of the wife, or husband, and children, or if there -be neither of them, then of the parents and next of kin of the person whose death was so caused. * * *
 

 “It must be brought in the name of the personal representative of the deceased person, and the jury may give such damages, as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought.”
 

 Section 11235. “In addition-to the causes which
 
 *114
 
 survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto.”
 

 The survivor action which was instituted here to recover damages for the benefit of the estate was tried first, and decided adversely to the administrator. Since no error proceedings were prosecuted to the judgment of the court of common pleas in the survivor action, the judgment for the defendant in that action stands as final.
 

 It is in brief the contention of the plaintiff in error that the parties, plaintiff and defendant, in the two cases are the same, that the issues of negligence and contributory negligence raised by the pleadings are identical, that the real parties in interest, the beneficiaries under both actions, are exactly the same, and hence the adverse termination of the survivor action is a complete bar to the prosecution of the death action. This court, however, cannot agree that the real parties in interest are exactly the same, nor that the causes of action are identical. Under Section 10772 the death action is to be prosecuted by the administrator, for the exclusive benefit of the wife or husband and children, or, if there be neither of them, then of the parents and next of kin of the decedent. The action prosecuted under Section 11235 is for the benefit of the estate. If any judgment is secured under the survivor action, it may be entirely consumed by creditors, and may be of no benefit whatever to the wife or husband and children, the parents or next of kin. It is the death which is the foundation of the present
 
 *115
 
 action, and not the injury.
 
 Robinson
 
 v.
 
 C. P. Ry. Co.
 
 [1892], L. R., A. C., 481. In the case of the survivor action, the administrator sues as legal owner of the general personal estate which has descended to him in course of law; under Section 10770, he sues as trustee in respect of a different right altogether, on behalf of particular persons designated in the act. While the machinery of the action in the one case is the same as the machinery in the other, the death action is an action given expressly by the statute, and the rights which give rise to the two actions are entirely different.
 
 Leggott, Admx.,
 
 v.
 
 G. N. Ry. Co.
 
 [1875-76], 1 L. R., Q. B. Div., 599.
 

 It has been previously held by this court, in the case of
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Van Alstine, Admr.,
 
 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893, that the two actions, although prosecuted by the same personal representative, are not in the same right, and hence a recovery and satisfaction in one case is not a bar to a recovery in thn other. The
 
 Van Alstine case
 
 give's an exhaustive review of the authorities upon this proposition, and concludes that under the Ohio statute and the preponderance of authority, the two actions are not identical. The
 
 Van Alstine case
 
 has been followed by this court in a memorandum decision in
 
 Cincinnati Traction Co.
 
 v.
 
 Ginnochio, Admr.,
 
 87 Ohio St.; 511, 102 N. E., 1120, and has been cited with approval as late as 1923 in
 
 Wellston Iron Furnace Co
 
 v.
 
 Rinehart, Admr.,
 
 108 Ohio St., 117, 140 N. E., 623. The Supreme Court of the United States, in the case of
 
 St. Louis, Iron Mountain & Southern Ry. Co.
 
 v.
 
 Craft,
 
 237 U. S., 648, at page 658, 35 S. Ct., 704, 706 (59 L. Ed., 1160), in speaking of this proposition, says, citing the
 
 Van Alstine case:
 

 
 *116
 
 “Although, originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong.”
 

 A more difficult question is presented by the argument, urged by counsel for plaintiff in error, that, under the wording of Section 10770, the holding of the
 
 Van Alstine case
 
 does not apply. They urge that the clause, “such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued,” imposes a condition upon the institution of the death action, which condition is that the party injured, or his representative, if he prosecutes his personal injury action first, must recover damages in that action in order to retain the right to prosecute the death action. They claim that the
 
 Van Alstine case
 
 does not apply here, because in that case there was first a recovery of judgment by the administrator in the survivor action, and hence the negligence of the defendant had been established in a prior suit, and damages had been recovered in a prior suit, which complied with the alleged condition of Section 10770. They freely admit, however, that this construction of the statute would result in the anomaly that if the administrator prosecuted the death action first, and lost, he could still prose
 
 *117
 
 cute the survivor action, while his failure in the survivor action, if it were tried first and decided adversely, would be a complete bar to the prosecution of the death action. In other words, they would let the order in which the cases are tried decide whether a statutory cause of action exists. The rule for which they contend would also necessarily result in the conclusion that an adjudication in favor of the plaintiff in either the survivor action or the death action would be conclusive against the defendant in whichever action was tried last.
 

 We think the statute cannot bear such a strained construction. Our statute, Section 10770, General Code, substantially follows Lord Campbell’s Act, not only in its general features, but also in the requirement that it is essential to the maintenance of an action for death that the wrongful act, negligence, carelessness, unskillfulness, or default, out of which the action arises, must be of such character as would, if death had not ensued, have entitled the person to maintain an action and recover damages in respect thereof. 8 Ruling Case Law, at page 745, comments upon this requirement as follows:
 

 “If the deceased never had a cause of action none accrues to his representative or next of kin.”
 

 This comment fairly states the meaning of the words “such as would have entitled the party injured to maintain an action and recover damages in respect thereof.” The phrase means that the party injured must have had a cause of action; it does not mean that that cause of action must have been maintained successfully in a totally different action brought for the benefit of different parties in interest.
 

 
 *118
 
 Certainly the English cases which have construed Lord Campbell’s Act give no such construction to the phrase relied on here by the plaintiff in error as that for which counsel so vigorously contend.
 
 Leggott, Admx.,
 
 v.
 
 G. N. Ry. Co., supra; Bradshaw
 
 v.
 
 L. & T. Ry. Co.
 
 [1874-75], 10 L. R., C. P., 189;
 
 Robinson
 
 v.
 
 C. P. Ry. Co., supra.
 

 The ease of
 
 Leggott, Admx.,
 
 v.
 
 G. N. Ry. Co.,
 
 while not exactly in point upon the facts, is illuminating upon this question. In that case the plaintiff, administratrix of the decedent, had sued for the benefit of herself, as his wife, and of his children, and recovered damages. In the survivor action for personal injury and medical expenses, thereafter prosecuted by the wife as administratrix, the plaintiff urged that the defendants were estopped from denying the facts relating to the accident, as they had pleaded not guilty in a previous action, and had set up that the husband was not received by them as a passenger, and that these issues were found by the jury in the plaintiff’s favor. The court held on demurrer that the second action was not barred by the judgment and satisfaction under the first, and that there was no estoppel of which either party could take advantage, as the plaintiff sued in a different right in each action.
 

 Any other conclusion would lead to the anomalous and confusing result that the mere order of the trial of cases determines the existence of a valid cause of suit, and, furthermore, logically would result in a holding that an adjudication against the defendant in a persoual injury action, where it is tried first by the administrator, must be a conclusive adjudica
 
 *119
 
 tion upon the issues of negligence against the defendant in the death action.
 

 A study of the reported cases to be found in the notes in 8 L. R. A. (N. S.), 384, 14 L. R. A. (N. S.), 893, 51 L. R. A. (N. S.) , 711, and L. R. A., 1915E, 1102
 
 et seq.,
 
 discloses considerable conflict in the decisions, depending in part upon varying statutory provisions. We think that for the state of Ohio, the case of
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Van Alstine, supra,
 
 has decided the converse of the proposition stated in its syllabus, as well as that expressly laid down in its judgment. Hence we hold that the two actions, although instituted by the same personal representative, are not in the same right, and that a judgment for the defendant in one case is not a bar to a recovery in the other.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.