**ALLEN, Admr. v BURDETTE et**

Ohio Appeals, 9th Dist, Summit Co

Decided December 4, 1940

Edward N. Heiser, Akron, and Burroughs & Burroughs, Akron, for Edward L. Allen, administrator.

Howell, Roberts & Duncan, Akron, and Motz & Morris, Akron, for William Wenslawski and William C. Grolbert.

## OPINION

By DOYLE, J.

Edward L. Allen, administrator of the estate of Kepple Barrett, brought this action in the Court of Common Pleas against William Wenslawski, William C. Grolbert, and others, and prayed for damages growing out of a collision between two motor vehicles, as a result of which the plaintiff's decedent died within one and one-half days.

This action was tried under the survival statute. In a former action recovery had been secured by the same administrator under the wrongful death statute, for and on behalf of the next of kin of the deceased, for death growing out of the same accident.

It was the claim of the administrator in the Court of Common Pleas that he was entitled to recover for his decedent's estate not only damages for pain and suffering endured by the decedent prior to his death, but also for loss of earnings due to permanent total disability during the period of his normal expectancy of life at the time of the receiving of the injuries which resulted in his death.

The administrator excepted to the ruling of the trial court which denied his request for a recovery for loss of earnings, and in his appeal to this court on questions of law urges that the ruling constituted error of a prejudicial nature.

The theory of the administrator is presented in the following language:

"The two rights—the right of action for wrongful death, and the common-law tort action for personal injuries, which survives to the administrator—are entirely separate rights of action, and the parties in interest are different. The right of action for wrongful death under §10770 et seq GC, is an independent action created by statute, while the action for personal injuries is the common-law tort right which the deceased had prior to his death and which survives by virtue of §11235 GC. Accordingly, there can be no double recovery by completely recovering on each right, and, in so far as the surviving right of action for tort is concerned, it included the element of damages for loss of earning power during the expectancy of life when Barrett lay permanently disabled by his broken neck, and since it has survived it still includes that element of damage. When a man dies his sufferings cease and the surviving claim includes only damages for pain and suffering up to the time of death, since that is all the damages of that kind which there ever were; but death, while stopping suffering, does not restore earning power."

Section 11235, GC, provides:

"In addition to the causes which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto."

Section 10509-166 GC, stipulates:

"When the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corpora-

tion which, or the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances which make it in law murder in the first or second degree, or manslaughter. When the action is against such administration or executor the damages recovered shall be a valid claim against the estate of such deceased person.

"When death is caused by a wrongful act, neglect or default in another state, territory or foreign county, for which a right to maintain an action and recover damages in respect thereof is given by a statute of such other state, territory or foreign country, such right of action may be enforced in this state. Every such action brought under this act shall be commenced within the time prescribed for the commencement of such actions by the statute of such other state, territory or foreign country.

"The same remedy shall apply to any such cause of action now existing and to any such action heretofore commenced or attempted to be commenced in proper time and now appearing on the files of any court within this state, and no prior law of this state shall be construed to prevent the maintenance thereof."

Two actions growing out of the same tort, prosecuted under these sections of the Code, respectively, although by the same personal representative, "are not in the same right," and a recovery and satisfaction in one is not a bar to a recovery in the other. **Mahoning Valley Ry. Co. v Van Alstine, Admr., 77 Oh St 395**, 83 N. E. 601, 14 L. R. A. (N.S.), 893; **May Coal Co. v Robinette, Admr., 120 Oh St 110**, 165 N. E. 576, 64 A. L. R. 441.

This state recognizes coexistent remedies: The one by the personal representative for the benefit of the estate of the deceased, and the other by the personal representative for the exclusive benefit of the next of kin.

While there may be authority which might be construed as permitting recovery by the personal representative in an action under a similar survival statute for damages for loss of earnings for the period of the deceased's normal expectancy of life immediately prior to the accident resulting in death, no court in this state has ever stated the rule to be so, and the members of this court do not interpret the case of Mahoning Valley Ry. Co. v Van Alstine, Admr., supra, as authority for such a proposition, despite the brilliant and ingenious argument of counsel.

It is the opinion of the members of this court that the law in this state, in an action prosecuted under the survival statute, for damages from tortious acts resulting in injuries and in death, will permit a recovery for loss of earnings, if such be shown to exist, from the time of injury to the time of death, but that no recovery may be had nor account taken of the probable earnings of the deceased during his life expectancy had it not been for the injury which caused his death. This for the reason that damages on account of loss of future earnings are prospective only, and, if the actual time of death has been determined, the entire theory of prospective damages has failed.

If, for instance, a person suffers permanent total disability as a direct result of the negligence of a person, and suit is commenced on account thereof, and, later, but prior to the commencement of the trial, the injured person is killed by a stroke of lightning, certainly it could not be successfully argued that recovery could be had for loss of prospective earnings based upon a normal expectancy of life at the time of his original injuries. The time of death had become a certainty. The word "expectancy" simply means the act or state of regarding something as likely to happen. Mortality tables are permitted to be used in evidence to de-

termine one's probability or expectancy of life. If one's life has terminated, there can no longer be prospective damages based upon one's expectancy, because there is no longer an expectancy. And the same rule would apply to death resulting from the same cause as the injuries.

The right of the administrator to recover under the survival statute rests solely upon the common-law right of action inhering in the injured person "and the preservation of that right in the administrator" by virtue of §11235 GC. Mahoning Valley Ry. Co. v Van Alstine, Admr, supra, at page 401. And the common-law right of action which existed in the injured person did not include a right of action for damages beyond the time of death.

The right to recover such damages is preserved in this state under §10509-166 GC, and is exclusively for the benefit of the next of kin.

The defendants William Wenslawski and William C. Grolbert have likewise appealed to this court from the judgment of the Court of Common Pleas. They complain that the trial court erred as follows:

"1. In overruling the appellants' motion to dismiss the amended petition because the same stated an entirely new and different cause of action than alleged in the original petition to which a demurrer was sustained.

"2. In overruling the motion of the appellants made at the beginning of the trial of this action to dismiss the action because the amended petition stated a new and different cause of action than that contained in the original petition.

"3. * * * in overruling the appellants' motion for a directed verdict because there was no evidence of any pain and suffering of the plaintiff's decedent and no evidence of any damage.

"4. Because the verdict is not sustained by sufficient evidence and is against the weight of the evidence and is contrary to law.

"5. * * * in giving to the jury plaintiff's request No. 6 to charge before argument.

"6. * * * in charging the jury."

The record discloses evidence tending to prove that the deceased suffered a broken neck as well as other injuries in the accident, that he was conscious at times after the accident, and that he talked to his wife and recognized other persons.

From the evidence it is the conclusion of the members of this court that there is sufficient evidence of pain, suffering and anguish to justify a jury in awarding damages therefor, even though from the moment of the accident the deceased was in a critical condition.

Examination has been made of the court's charge, and, while some of the phrases used were susceptible of criticism, we are of the opinion that the jury was not misled, nor was the charge prejudicially erroneous.

Examination has likewise been made of the other claimed errors, and we find none to be of a prejudicial character.

The judgment is affirmed in each appeal.

Judgments affirmed.

WASHBURN, PJ. and STEVENS, J., concur.