OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, granting the motion for summary judgment of appellees, Western Reserve Care System,et al., against appellants, Bari Lambert, etc.
On or about October 1, 1978, Bari Lambert (Mrs. Lambert), pregnant with her first and only child, was admitted to Youngstown Hospital Association, which is now known as Western Reserve Care System, for delivery of her child. Mrs. Lambert's labor and delivery were managed by Jacques Saint-Julien, M.D. (Dr. Saint-Julien) and Richard Solyn, D.O. (Dr. Solyn). Mrs. Lambert gave birth to a baby boy, Thomas Lambert, Jr. (Thomas, Jr.). However, her son was born with severe brain damage, which left him permanently disabled and in need of continuing medical care and supervision.
On or about February 20, 1980, Mrs. Lambert and her husband Thomas N. Lambert, Sr. (Mr. Lambert), individually and on behalf of their son, filed a complaint against appellees. On September 26, 1983, Mr. and Mrs. Lambert entered into a settlement agreement with Youngstown Hospital Association and Dr. Saint-Julien whereby Mrs. Lambert, acting as guardian of the person and estate of Thomas, Jr. agreed to dismiss all of Thomas Jr.'s present and future claims arising from the incident in question in consideration of $120,000.00. Mr. and Mrs. Lambert also agreed to dismiss their individual claims against Youngstown Hospital Association and Dr. Saint-Julien in consideration of an additional $120,000.00, for a total settlement amount of $240,000.00.
Thereafter, on October 14, 1983, Mrs. Lambert acting as guardian of the estate of Thomas, Jr., entered into another settlement agreement with Dr. Solyn. Under the terms of this settlement agreement, in consideration of $115,000.00, Mrs. Lambert agreed to dismiss all of Thomas, Jr.'s claims that existed at that time or which could arise in the future as it pertained to the medical care at issue. As a part of this October 14, 1983 agreement, in consideration of an additional $115,000.00, Mr. and Mrs. Lambert (hereinafter collectively known as appellants) agreed to dismiss Dr. Solyn from any and all claims that existed at that time or in the future resulting from the medical care at issue, which they could allege as parents of Thomas, Jr., for a total settlement amount of $230,000.00. Both settlement agreements also, included indemnification clauses, whereby appellants agreed to indemnify appellees in the event that appellants brought a later cause of action.
On November 5, 1995, Thomas, Jr. died, allegedly as a result of his severe brain damage. Thereafter, on August 29, 1996 appellants, individually and as administratrix of Thomas, Jr.'s estate, filed a wrongful death action against appellees. On or about September 25, 1996, appellees filed a declaratory judgment action against appellants, claiming that the wrongful death action was barred pursuant to the previous settlement agreements, or alternatively, that appellees were entitled to indemnification from appellants for the wrongful death action.
On or about July 29, 1997 appellees filed a motion for summary judgment, and on or about August 21, 1997, appellants filed a motion for summary judgment. The trial court held that the language of the settlement agreement was clear and unambiguous and granted appellees' motion for summary judgment, thereby denying appellants' motion. This appeal followed.
Appellants' sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN ITS APPLICATION OF THE LAW AND THUS INCORRECTLY GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT AND INCORRECTLY DENIED APPELLANTS' MOTION FOR SUMMARY JUDGMENT."
Summary judgment is governed by Civ.R. 56 (C), and in WelcoIndustries, Inc. v. Applied Companies (1993), 67 Ohio St.3d 344,346, the Ohio Supreme Court discussed the standard for granting summary judgment, stating:
 "Under Civ.R. 56, summary judgment is proper when `(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' * * * Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party."
Additionally, the Ohio Supreme Court in Dresher v. Burt (1996),75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 by simply making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims. The Ohio Supreme Court, inDresher, supra, further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial. In reviewing a trial court's decision to grant summary judgment, a court of appeals must conduct a de novo review of the record. Renner v. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326.
Appellants argue that a medical malpractice claim and a wrongful death claim are two separate causes of action. Appellants further argue that a malpractice claim accrues for the benefit of the malpractice victim, and a wrongful death claim accrues at the death of the victim and is brought for the benefit of the victim's beneficiaries. Thompson v. Wing (1994), 70 Ohio St.3d 176. Appellants also allege that the Ohio Supreme Court, inThompson, supra, held that a party cannot release a claim that was not yet in existence. Appellants also cite May Coal Co. v.Robinette (1929), 120 Ohio St. 110, wherein the Ohio Supreme Court allowed an administratrix to file a wrongful death suit after bringing a personal injury cause of action. Appellants argue that this same principle applies to release agreements.Phillips v. Community Traction Co. (1933), 46 Ohio App. 483.
In the present matter, appellants state that the settlement agreements were entered into before the death of Thomas, Jr. Appellants contend that they could not have discharged liability for the wrongful death claim until it accrued, which was after Thomas, Jr.'s death. Thompson, supra. Appellants also argue: that Mrs. Lambert was declared the legal guardian of Thomas, Jr., and not the executor of Thomas Jr.'s estate. Therefore, appellants argue Mrs. Lambert did not have the power to enter into the settlement agreements.
Furthermore, appellants argue that the trial court erred if it granted appellees' motion for summary judgment based upon the indemnification clauses. Appellants maintain that the indemnification clauses were invalid for the same reasons the settlement agreements were invalid, namely that the wrongful death action had not yet accrued at the time of the indemnification clauses. Appellants further argue that if the trial court applied the indemnification clauses of the settlement agreements, then appellants were only obligated to indemnify appellees in the amount paid to appellants, but not the amount owed to Thomas, Jr.'s estate. Therefore, appellants maintain that the trial court erred in applying the indemnification clauses to Thomas Jr.'s estate.
In Gibson v. Solomon (1939), 136 Ohio St. 101, the Ohio Supreme Court stated that the personal representative who brings a wrongful death suit is a nominal party and the real parties in interest are the designated beneficiaries of the victim.Thompson, supra, and May Coal, supra, are distinguished from the case at bar. In those cases, the Ohio Supreme Court held that beneficiaries of a decedent were not precluded from bringing a wrongful death action simply because the decedent had previously brought a negligence claim arising from the same facts as the wrongful death claim. However, neither Thompson, supra, nor MayCoal, supra, involved a settlement agreement as in the case at bar.
Under the terms of a settlement agreement in the present case, appellants agreed to release Youngstown Hospital Association and Dr. Saint-Julien from any present or future liability, in total consideration of $240,000.00, stating:
 "(2) No suit at law or otherwise will be hereafter filed or maintained by or on behalf of Bari L. Lambert, Thomas N. Lambert, Sr. and Thomas N. Lambert, Jr., or any of them, their heirs, administrators, executors or assigns, against any or all of the following persons or firms:
 "Youngstown Hospital Association, its Servants and Employees, including Linda P. Johnson, M.D. and Jacques Saint-Julien, M.D."
Appellants similarly released Dr. Solyn of any present or future liability in a second settlement agreement, in total consideration of $230,000.00, stating:
 "* * * BARI L. LAMBERT, Guardian of the Estate of THOMAS N. LAMBERT, JR., * * * by virtue of authority specifically conferred upon her by the Probate Court of Mahoning County, Ohio, does hereby release, remise and forever discharge the said DR. RICHARD J. SOLYN, his heirs, executors, administrators and assigns; and DRS. KUNIN, ROTH, KRAMER SOLYN, INC., its agents, representatives, employees, successors and assigns, from any and all claims, suits and actions for damages of whatsoever nature which may now or in the future arise from or grow out of the aforesaid medical care rendered at the birth of the said THOMAS N. LAMBERT, JR. on account of any personal injuries suffered by the said THOMAS N. LAMBERT, JR., a Minor.
 "* * * we, BARI L. LAMBERT and THOMAS N. LAMBERT, SR., parents of THOMAS N. LAMBERT, JR., a minor, do hereby release, remise and forever discharge the said DR. RICHARD J. SOLYN, his heirs, executors, administrators and assigns; and DRS. KUNIN, ROTH, KRAMER SOLYN, INC., its agents, representatives, employees, successors and assigns, from any and all claims, suits and actions for damages of whatsoever nature which we, BARI L. LAMBERT and THOMAS N. LAMBERT, SR., as parents of THOMAS N. LAMBERT, JR., a minor, may now or in the future have arising from or growing out of the aforesaid medical care rendered at the birth of our son, THOMAS N. LAMBERT, JR., on account of any injuries suffered by him and on account of any loss of services and expenses which we, as said parents, may have sustained or may in the future sustain on account of the said medial care rendered to him at birth."
Generally, the beneficiaries of a decedent are not precluded from asserting a wrongful death claim merely because of a prior settlement agreement regarding medical malpractice made by the decedent. However, in the present matter, appellees did not only waive Thomas, Jr.'s claims, but they also waived all present and future claims they might have individually sustained regarding Thomas, Jr.'s birth. Furthermore, a stipulation in the record indicated that appellants were the sole beneficiaries and next of kin of Thomas, Jr. Therefore, there were no other beneficiaries of Thomas, Jr. who could have brought a wrongful death claim. Because all of Thomas, Jr.'s beneficiaries settled with appellees, the trial court did not err in relying upon the settlement agreements in granting appellees' motion for summary judgment.
Moreover, the settlement agreements each contained an indemnification clause. While the trial court's judgment entry did not indicate that it relied upon the indemnification and hold harmless clauses, appellants do not put forth any authority supporting the allegation that a party cannot terminate a wrongful death action prior to the death of the decedent. Appellant's reliance upon Thompson, supra, is misplaced as although that case held that a wrongful death action is not barred because of a recovery for a medical malpractice claim, it did not address such issue in conjunction with a settlement agreement entered into between the parties. Therefore, the indemnification and hold. harmless clauses were valid and the trial court did not err if it relied upon these clauses in granting summary judgment in favor of appellees.
Appellants' sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J., VUKOVICH, J., concurs.
APPROVED:
 ____________________________________ EDWARD A. COX, PRESIDING JUDGE