BHOLA, Admr.

v.

NORTHCOAST BEHAVIORAL HEALTH CARE CENTER.

2004-Ohio-648.]

Court of Claims of Ohio.

No. 98–11553.

Decided Feb. 4, 2004.

Gordon S. Friedman and Bradley L. Greene, for plaintiff.

Jim Petro, Attorney General, and Eric A. Walker, Assistant Attorney General, for defendant.

---

J. WARREN BETTIS, Judge.

{¶ 1} On January 12, 2004, the court issued an entry awarding judgment in favor of plaintiff in the amount of $381,500.99, to include the $25 filing fee. Specific damages were awarded as follows:

{¶ 2} "1) Pain and suffering experienced by Bhomeshwar Deokarran in the amount of $100,000;

{¶ 3} "2) Loss of support and services in the amount of $275,000 to be apportioned as follows: Lokewatty Siriram, $50,000; the remaining nine beneficiaries of decedent's estate, $25,000 each;

{¶ 4} "3) Funeral expenses in the amount of 6,475.99."

{¶ 5} On January 15, 2004, defendant filed a motion for the court "to render findings of fact and conclusions of law." Specifically, defendant requested findings of fact and conclusions of law regarding the awards for survivorship and for loss of support and services. Defendant's motion is hereby GRANTED.

{¶ 6} With regard to plaintiff's survivorship claim, R.C. 2305.21 provides that causes of action that survive at common law, including injuries to the person or property, may be brought notwithstanding the death of the person entitled thereto. The Supreme Court of Ohio has held that a judgment for the defendant in a wrongful death case is not a bar to recovery in a personal injury survival action, even though such recovery is based on the same set of operative facts, since the parties and the relief sought in the survival action are different from those in the wrongful death action. *May Coal Co. v. Robinette* (1929), 120 Ohio St. 110, 165 N.E. 576.

{¶ 7} In its decision on liability, this court found that Deokarran had sustained severe head trauma as a result of defendant's negligence. Deokarran was discovered by defendant's staff, lying on the floor with his arms, legs, and neck tied to the beds with hospital gowns. Deokarran was transported to a hospital, where he died a short time later. The court finds that there was ample evidence that Deokarran experienced conscious pain and suffering as a result of a brutal attack by another patient at defendant's psychiatric facility. Although defendant may disagree with the amount of the award, there is absolutely no merit to defendant's continued assertion that the evidence does not support a finding of conscious pain and suffering on the part of Deokarran.

{¶ 8} With regard to the wrongful death claim, R.C. 2125.02(B) provides:

{¶ 9} "(B) Compensatory damages may be awarded in an action for wrongful death and may include damages for the following:

{¶ 10} "(1) Loss of support from the reasonably expected earning capacity of the decedent;

{¶ 11} "(2) Loss of services of the decedent;

{¶ 12} "(3) Loss of the society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, suffered by the surviving spouse, minor children, parents, or next of kin;

{¶ 13} "(4) Loss of prospective inheritance to the decedent's heirs at law at the time of the decedent's death * * *."

{¶ 14} The court finds that Deokarran had a close relationship with his family; that he provided services to his family, which included general maintenance, plumbing, roofing, carpentry, and childcare; and that the testimony and evidence at trial established that plaintiff would have continued to provide services and financial support in the future.

Judgment accordingly.

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.