OPINION
{¶ 1} Defendant — appellant, Samuel J. Musgrave, appeals the Judgment Entry of the Knox County Court of Common Pleas dismissing his petition for post conviction relief. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On September 10, 1997, the Knox County Grand Jury indicted appellant, Samuel Musgrave, on one count of murder in violation of R.C. 2903.02(A) and one count of involuntary manslaughter in violation of R.C. 2903.04(A). Said charges arose from the beating and drowning death of one Robert Welker. Appellant was one of a group of individuals involved in the incident. The beating occurred during a party at appellant's house. After the beating, Mr. Welker's body was dumped in a gravel pit.
 {¶ 3} A jury trial commenced on February 24, 1998. At the conclusion of the State's case-in-chief, appellant made a motion for acquittal pursuant to Crim.R. 29. The trial court denied said motion. The jury found appellant guilty of murder. By judgment entry filed March 2, 1998, the trial court sentenced appellant to fifteen years to life. On March 13, 1998, appellant filed a motion for new trial and a motion for acquittal. By judgment entry filed March 26, 1998, the trial court denied both motions.
 {¶ 4} Thereafter, on March 27, 1998, Appellant appealed his conviction and sentence to this court. On November 24, 1998 Appellant filed in the trial court a Petition to Vacate or Set Aside Sentence.
 {¶ 5} We overruled appellant's assignment of errors and affirmed the judgment of the trial court. See, State v. Musgrave (April 24, 2000), Knox App. No. 98CA10.
 {¶ 6} The trial court overruled appellant's petition to Vacate or Set Aside Sentence without issuing findings of fact and conclusions of law on October 20, 2000.
 {¶ 7} On August 28, 2003, appellant filed a Petition for a Writ of Mandamus in this court in case no. 03-CA-28. This court ordered the trial court to respond to appellant's petition for a writ of mandamus. On September 12, 2003, the trial court, in response to our order, provided the findings of fact and conclusions of law in support of the denial of appellant's Petition to Vacate or Set Aside Sentence.
 {¶ 8} Appellant filed his appeal from the denial of his Petition to Vacate or Set Aside Sentence in this court on September 29, 2003 and has set forth the following four assignments of error:
 {¶ 9} "The trial court committed reversible and prejudicial error in denying the post conviction petition without appointing counsel and/or an investigator."
 {¶ 10} "The trial court committed reversible and prejudicial error in denying the petition without referring the case/petitiion to the state public defender's office.
 {¶ 11} "The trial court committed reversible and prejudicial error in denying the petition without an evidentiary hearing.
 {¶ 12} "Because the state failed to object or otherwise respond to the petition in the trial court, the state is barred from objecting or responding in this appeal."
 I, II and III {¶ 13} Because appellant's assignments are interrelated, we shall address said assignments of error together. In his first three assignments of error appellant claims the trial court erred by not appointing counsel to pursue the post conviction relief petition and by not conducting an evidentiary hearing on his petition. We disagree.
 {¶ 14} An indigent criminal defendant has neither a federal nor a state constitutional right to be represented by an attorney in a post conviction relief proceeding. Pennsylvania v. Finley
(1987), 481 U.S. 551; State v. Crowder (1991),60 Ohio St.3d 151. However, the states are free to develop and implement programs to aid prisoners to secure post conviction review which include the appointment of counsel. Pennsylvania v. Finley,supra, at 559. In the State of Ohio, an indigent petitioner has a limited state-created right to the appointment of counsel to conduct a diligent and thorough search of the record for any arguable claim which will support a PCR petition.
 {¶ 15} Section 120.16 of the Ohio Revised Code provides, in relevant part, as follows:
 {¶ 16} "(A)(1) The county public defender shall provide legal representation to indigent adults and juveniles who are charged with the commission of an offense or act that is a violation of a state statute and for which the penalty or any possible adjudication includes the potential loss of liberty and in post-conviction proceedings as defined in this section. * * * (D) The county public defender shall not be required to prosecute any appeal, post-conviction remedy, or other proceeding, unless the county public defender is first satisfied there is arguable merit to the proceeding."
 {¶ 17} R.C. 2953.21 governs petitions for post conviction relief. Subsection (C) states in pertinent part: "(C) The court shall consider a petition that is timely filed under division (A) (2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."
 {¶ 18} In Crowder, supra, the Ohio State Supreme Court determined R.C. 120.16(A)(1) and (D) requires the appointment of counsel if the trial court determines that the petitioner's allegations warrant an evidentiary hearing.
 {¶ 19} R.C. 2953.21 does not expressly mandate a hearing for every post-conviction relief petition; therefore, a hearing is not automatically required. In determining whether a hearing is required, the Ohio Supreme Court in State v. Jackson (1980),64 Ohio St.2d 107, stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case.
 {¶ 20} As the Supreme Court further explained in Jackson,
supra, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted.
 {¶ 21} "In determining how to assess the credibility of supporting affidavits in post conviction relief proceedings, the Supreme Court adopted the reasoning of the First Appellate District in State v. Moore (1994), 99 Ohio App.3d 748,651 N.E.2d 1319, which had looked to federal habeas corpus decisions for guidance. Id. at 753-754, 651 N.E.2d at 1322-1323. The Supreme Court ultimately determined that the trial court should consider all relevant factors in assessing the credibility of affidavit testimony in `so-called paper hearings,' including the following: `(1) whether the judge viewing the post conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.' Calhoun, 86 Ohio St.3d at 285,714 N.E.2d at 911-912, citing Moore, 99 Ohio App.3d at 754-756,651 N.E.2d at 1323-1324." State v. Kinley (1999),136 Ohio App.3d 1, 13-14, 735 N.E.2d 921, 930-31.
 {¶ 22} A trial court that discounts the credibility of sworn affidavits must include an explanation of its basis for doing so in its findings of fact and conclusions of law in order that meaningful appellate review may occur. Id. at 285, 714 N.E.2d at 911-912.
 {¶ 23} In the case at bar, appellant submitted only his own affidavit in support of his petition. The trial court found that the allegations upon which appellant based his claim of prosecutorial misconduct are "based solely on double hearsay." (Judgment Entry, Sept. 12, 2003). Appellant claims that he was told by a third party that a co-defendant of appellant told the third party that the co-defendant committed additional acts causing the death of the victim. (Id.). As the affidavit relies solely on double hearsay the trial court was correct to reject it.
 {¶ 24} Because the trial court sub judice did not find "substantive grounds for relief," the trial court did not err in not appointing counsel to appellant. See, State v. Crowder
(1991), 60 Ohio St.3d 151, 573 N.E.2d 652. Additionally, because the appellant did not meet his initial burden of proof of demonstrating that there are substantive grounds for relief an evidentiary hearing in the cause sub judice was not required.State v. Jackson, supra.
 {¶ 25} Assignment of Errors I, II, and III are overruled.
 IV. {¶ 26} In his fourth assignment of error, appellant states that the State is precluded from arguing on appeal because the State did not file a response to appellant's petition in the trial court. The appellant provides only an assignment of error without argument, citation to authority or reasons in support of his assignment of error.
 {¶ 27} According to App. R. 12(A)(2): "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)."
 {¶ 28} App. R. 16(A)(7) states that appellant shall include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
 {¶ 29} An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. Hawley v. Ritley
(1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393.
 {¶ 30} Accordingly, we find that appellant has failed to comply with App. R. 16(A) because he fails to present "reasons in support of the contentions" and for his "lack of briefing" on his assignment of error.
 {¶ 31} Appellant's fourth assignment of error is overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Knox County Court of Common Pleas, Ohio, is affirmed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Knox County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.