DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro se appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's petition for postconviction relief. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} On May 24, 2002, appellant was found guilty of two counts of aggravated robbery in violation of R.C. 2911.01(A)(1) following trial to a jury. Appellant was also found guilty of the firearm specification attached to each count. Appellant appealed his convictions and sentence. This court affirmed the convictions but remanded the case to the trial court for resentencing due to the trial court's failure to make statutorily required findings prior to imposing consecutive sentences. Appellant was resentenced, and on February 5, 2003, he filed a petition for postconviction relief pursuant to R.C. 2953.21, claiming ineffective assistance of counsel and numerous instances of prosecutorial misconduct. On December 30, 2004, the trial court denied appellant's petition, finding some of his claims to be without merit and others to be barred by res judicata. This timely appeal followed.
 {¶ 3} In support of his appeal, appellant sets forth the following assignments of error.
 {¶ 4} "Assignment of Error No. 1: The trial Court committed error by not granting relief when the State/Government made a key defense witness unavailable for trial, thereby, violating Compulsory Process in violation of the 5th, 6th and14th Amendments of the United States constitution and Article I §§10 and 16 of the Ohio Constitution. Tr. 22, 23, 348, 349, 403-406, 411-412, 661-663.
 {¶ 5} "Assignment of Error No. 2: The trial Court committed error by not granting relief for the prosecutor's misconduct by making a key defense witness unavailable for trial violating Due Process in violation of the 5th, 6th and the 14th Amendments of the United States Constitution and Article I §§ 10 and 16 of the Ohio Constitution. Tr. 24, 25, 26, 27, Tr. 661-663, 644-650. Tr. 234-238.
 {¶ 6} "Assignment of Error No. 3: The trial Court committed error for not granting relief for the prosecutor's misconduct by making a key defense witness with impeaching testimony unavailable for trial, while in preparation for trial, also violating discovery Crim.R. 16, Due Process in violation of the5th, 6th and 14th Amendments of the United States Constitution and Article I §§ 10 and 16 of the Ohio Constitution. Tr. 644-650. Tr. 27.
 {¶ 7} "Assignment of Error No. 4: The trial court errored (sic) by not granting relief for ineffective assistance of appointed trial counsel for failing to call two police officers with impeaching testimony to testify for the defense in violation of the 5th, 6th and 14th Amendments of the United States Constitution and Article I §§ 10 and 16 of the Ohio Constitution. Tr. 108-208.
 {¶ 8} "Assignment of Error No. 5: The trial Court committed error by not granting relief for Ineffective Assistance of Counsel for failing to call two Police Officers with impeaching testimony to testify for the defense in violation of the 5th, 6th
and 14th Amendments of the United States Constitution and ArticleI §§ 10 and 16 of the Ohio Constitution. Tr. 210, 211, 221. Tr. 254, 261, 262, 265, 267."
 {¶ 9} The denial of a petition for postconviction relief is reviewed under an abuse of discretion standard. State v. Watson
(1998), 126 Ohio App.3d 316. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} The issues now raised by appellant relate to claimed prosecutorial misconduct and ineffective assistance of counsel which he asserts led to the failure of various witnesses to testify on his behalf. In general, matters which were or could have been raised on direct appeal may not be considered in postconviction proceedings, as such matters are res judicata.State v. Ishmail (1981), 67 Ohio St.2d 16, 18, citing State v.Perry (1967), 10 Ohio St.2d 175, paragraphs seven, eight, and nine of the syllabus. This court has thoroughly reviewed appellant's petition and finds that each of the arguments he made in support thereof could have been raised on direct appeal. Appellant's first three assignments of error relate to a potential witness who was in custody in Mississippi at the time of trial. The issue of the witness's unavailability to testify for the defense was raised on direct appeal with respect to the trial court's denial of a defense request for a continuance. The record reflects that the subject of the witness's unavailability was raised by defense counsel in a motion to admit hearsay testimony and also discussed with the court prior to trial in the context of the motion for a continuance. We therefore find that appellant's claims as to the witness's unavailability could have been raised on direct appeal. The issues raised in appellant's fourth and fifth assignments of error relate to counsel's failure to call two police officers who appellant claims would have impeached the testimony of two other witnesses. Appellant has not offered any evidence outside the record in support of his claim that the officers would have impeached the testimony of any of the state's witnesses and, again, these issues could have been raised on direct appeal. We therefore find the matters raised by appellant in his petition for postconviction relief are res judicata and, accordingly, the trial court did not abuse its discretion by denying appellant's petition. Appellant's first, second, third, fourth, and fifth assignments of error are not well-taken.
 {¶ 11} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J, concur.