[Cite as *Yoli v. Rowell*, 2022-Ohio-4193.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| VICTOR J. YOLI | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| KENNETH ROWELL and WILLIAM | : | | Case No. 2021 CA 00040 |
| WHITE, ET AL. | : | | |
| | : | | |
| Defendants - Appellants | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Fairfield County
                                                          Court of Common Pleas, Case No.
                                                          18-CV-238



JUDGMENT:                                       Affirmed



DATE OF JUDGMENT:                        November 23, 2022



APPEARANCES:

For Plaintiff-Appellee                           For Defendants-Appellants

JONATHAN T. TYACK                         MICHAEL S. KOLMAN
HOLLY B. CLINE                                 AMY E. KUHLMAN
The Tyack Law Firm Co., L.P.A.          Newhouse, Prophater, Kolman, & Hogan, LLC
536 South High Street                        3366 Riverside Drive, Suite 103
Columbus, Ohio 43215                        Columbus, Ohio 43221

*Baldwin, J.*

{¶1} William White, Appellant, appeals the Fairfield County Court of Common Pleas judgment against Kenneth D. Rowell and William White Co-Executors of the Estate of Frederick R Held, The Frederick R Held Trust Dated February 25, 2015 and Kenneth D Rowell and William White Successor Co-Trustees of The Frederick R Held Trust Dated February 25, 2015. Appellee is Victor J. Yoli as Administrator of the Estate of Loretta F. Yoli, deceased.

### STATEMENT OF FACTS AND THE CASE

{¶2} Frederick Held shot and killed Loretta Yoli in his home for reasons that will never be discovered as Held died shortly thereafter from unrelated causes. Appellee filed a wrongful-death action against Frederick Held and after his death Kenneth D. Rowell and William White Co-Executors of the Estate of Frederick R. Held as well as The Fred R. Held Trust Dated February 25, 2015, and Kenneth D. Rowell and William White, Co-Successor Trustees for The Fred R. Held Trust Dated February 25, 2015 were substituted as defendants. The parties stipulated to the negligence of Held as causing the death of Yoli and the matter was tried on the issue of damages only and the jury awarded $531,488.13. The parties named in the suit did not appeal. William White filed a notice of appeal and now claims that the verdict was excessive, against the manifest weight of the evidence and that the trial court abused its discretion by accepting the verdict.

{¶3} The facts leading to the death of Yoli are not contested by the parties. Yoli and Held had a long standing relationship and both were elderly. On the day of her death, Yoli and Held had decided that they would spend the day together at Held's home, directly across the road from William White's home. White took Yoli to the home and returned to

his home for Held.  He later brought Held to join Yoli.  Held mentioned that his vehicle had been sitting in the cold for some time and he asked White to start the vehicle and let it run.  White complied and then left to run an errand.  While on the errand he called Held, but spoke to Yoli and reminded her that the vehicle was still running and someone should turn it off.

{¶4}    White went to Held's home that afternoon to deliver some medication to Held.  When he arrived he could not open the door as it was blocked by something that he could not see.  He first thought it was luggage, but later discovered it was Yoli, laying on the floor in front of the door.  He forced the door open and checked on Yoli, concerned that she had suffered a medical emergency.  He found Held on the couch, speaking on the phone.  White did not know it at the time, but Held had called to report a shooting on his porch.  White took the phone from Held and dialed 911 and reported that he believed Yoli was still alive.

{¶5}    The Lancaster police arrived and moved Yoli to her back, finding blood and a gunshot wound.  They began attempts to resuscitate Yoli which where continued by the emergency medical personnel after they arrived, but they were unsuccessful.  Yoli never recovered.

{¶6}    An officer spoke to Held at the scene, but he was difficult to understand and could not clearly relate what had happened.  The officer did find a single shot shot-gun near the couch where Held was found.  Held also had a wound on his right hand between his thumb and index finger that was typical of a wound that occurs when someone carelessly operates the type of gun found near Held.

{¶7} The Appellee filed a complaint against Held for wrongful death as well as a survival action, a premises liability claim, and negligent entrustment. The parties report that Held was charged criminally. The civil case was stayed pending resolution of the criminal charges, but Held passed away before the criminal matter was resolved. The Estate of Held and The Frederick Held Trust were substituted for Frederick Held after he passed and the matter was set for trial.

{¶8} At trial, the parties entered into a stipulation regarding the liability of the defendants and read the stipulation into the record. The defendants accepted joint and several responsibility for the death that was caused by Fred Held and agreed that the Appellee had a survival claim, as well as a claim for loss of society and mental anguish. "The role of the jury at trial [was] limited to determining the appropriate amount of compensatory damages to be awarded to Plaintiff against Defendants with respect to the survival claim and the wrongful death claim." (Trial Transcript, p. 8, line 22 to p. 9, line 3).

{¶9} The trial was brief, consisting of the testimony of a detective who responded to the scene, several photographs and exhibits, including the official cause of death, and the testimony of four family members. The jury returned a verdict in favor of the Appellee in the amount of $531,488.13, with $300,000.00 being awarded for the loss of society of Loretta Yoli, $200,000.00 being awarded for the mental anguish incurred by Loretta Yoli's surviving children and next of kin, and $20,000.00 for Yoli's survival claim. The balance of $13,488.13 was awarded for funeral expenses.

{¶10} The defendants named in the caption of the case below did not appeal, but William White filed a notice of appeal. He did not offer the notice of appeal on behalf of

the Estate of Frederick Held or the Trust, but filed it in his own name, pro se.  He later retained counsel and submitted a single assignment of error:

**{¶11}** "I. THE NOVEMBER 16, 2021 JURY VERDICT OF $531,488.13 IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS EXCESSIVE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING THE NOVEMBER 18, 2021 JUDGMENT ENTRY BASED UPON THAT VERDICT."

### PRELIMINARY MATTERS

**{¶12}** White's assignment of error includes references to manifest weight, sufficiency of the evidence, excessiveness of the verdict and abuse of discretion by the trial court.  We have reviewed the brief closely and find no argument supporting the allegation that the trial court abused its discretion by accepting the verdict of the jury. For that reason we will not consider the part of the assignment of error that alleges an abuse of discretion. *State v. Musgrave*, 5th Dist. Knox No. 03-CA-33, 2004-Ohio-3304, ¶¶ 26-31.

**{¶13}** Appellee moved this court to dismiss White's appeal for lack of standing and, presumably because the motion was still pending, incorporated that argument within its brief. We have addressed the issue of standing in a separate order and will not repeat our analysis within this opinion.

**{¶14}** Further, Appellee contends that White has waived the error described in his brief because he failed to bring it to the attention of the trial court as a motion for a new trial or pursuant to R.C. 2315.19 ("Trial court review of award of compensatory damages for noneconomic loss.") Appellee cites to authority that provides that a litigant may not

address any error on appeal that was not first addressed in the trial court, but does not direct our attention to precedent that requires resorting to a request for a new trial or proceeding under R.C. 2315.19 as a condition to filing an appeal of a final appealable order.

**{¶15}** Revised Code 2321.01 undermines Appellee's argument as it expressly provides that a motion for a new trial is "not necessary as a prerequisite to obtain appellate review of the sufficiency or weight of the evidence submitted to the trial court where such evidence to be considered appears as a part of the record filed in the appellate court." *See Also Eastley v. Volkman, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 30.* (We now hold that when the evidence to be considered is in the court's record, a party need not have moved for directed verdict or filed a motion for a new trial or for JNOV to obtain appellate review of the weight of the evidence.)

**{¶16}** Revised Code 2315.19 describes a statutory procedure by which a defendant may obtain judicial review of an award of non-economic damages that it contends are excessive. *Torres v. Concrete Designs Inc.,* 8th Dist. No. 105833, 2019-Ohio-1342, 134 N.E.3d 903, ¶ 42 The language of the statute imposes no requirement that the defendant resort to that procedure and Appellee provides no authority making its use mandatory or giving it precedence over the Rules of Appellate Procedure (R.C. 2505.03 (C)).

**{¶17}** We reject Appellee's argument that White has waived his argument that the verdict is not supported by sufficient evidence or is against the manifest weight of the evidence.

**{¶18}** Appellee contends that this court is restricted to reviewing the decision of the trial court for plain error because White failed to take action under R.C. 2315.19 or Civ.R. 59. We have rejected Appellee's argument that White waived the alleged error, so we must also reject its argument regarding the standard of review. We will apply the standard of review that is typically applied in civil cases where appellant contends that the decision is not supported by sufficient evidence or is against the manifest weight of the evidence.

## STANDARD OF REVIEW

**{¶19}** Sufficiency of the evidence is a test of adequacy to determine if the evidence is legally sufficient to sustain a decision. This is a question of law to be reviewed de novo by this Court. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541(1997).

**{¶20}** When reviewing for manifest weight, the standard in a civil case is identical to the standard in a criminal case. A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered." *Matter of A.D.*, 5th Dist. Guernsey No. 19 CA 20, 2019-Ohio-3671, ¶ 9.

**{¶21}** In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact.

> "[I]n determining whether the judgment below is manifestly against the
> weight of the evidence, every reasonable intendment and every reasonable

presumption must be made in favor of the judgment and the finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978) as quoted in *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21.

### ANALYSIS

**{¶22}** White attempts to persuade this court that the judgment was excessive and warrants vacation by comparing the verdict in this case to the verdict in other cases. We rejected such an approach in *Betz v. Timken Mercy Med. Ctr.*, 96 Ohio App.3d 211, 222, 644 N.E.2d 1058, 1065 (5th Dist.1994) where we held that "Pain and suffering are personal and subjective by nature. Each individual case presents unique facts for the jury's determination. Comparison with other cases will inevitably result in facially inconsistent results. Neither approach should be relied upon when assessing the appropriateness of a jury's verdict."

**{¶23}** Our review of the cases submitted in support of White's position only serves to support our finding that we should not rely on the comparisons.

**{¶24}** Appellant cites *Schartiger v. Landmark, Inc*, 4th Dist. Meigs No. 276, 1978 WL 214290, *1 as a potentially more reasonable verdict of $17,500 plus funeral expenses

of $1,656.70. First, we note that this case was decided in 1978, forty-four years prior to the decision in this case. More importantly, the award in that case was limited to pecuniary damages because the version R.C. 2152.02 in effect at that time limited recovery "to the pecuniary injury resulting from such death to the persons, respectively, for whose benefit the action was brought, and the reasonable funeral expenses incurred as a result of the wrongful death." Pecuniary injury did "not embrace such elements as bereavement or mental pain *445 and suffering of the beneficiaries or the loss of the society or comfort of the deceased. (*Kennedy, Adm'r v. Byers*, 107 Ohio St. 90, 140 N.E. 630, approved and followed.)" *Keaton v. Ribbeck*, 58 Ohio St.2d 443, 444–45, 391 N.E.2d 307 (1979).

**{¶25}** Because all of the damages in the case before us involve elements that were not considered in *Schartiger* that case is inapposite.

**{¶26}** White refers to our decision in *Hiner v. Nationwide Mut. Ins. Co.,* 5th Dist. No. 2005CA00034, 2005-Ohio-6650, but concedes that the decedent in that case was terminally ill. She was in the process of putting her affairs in order when she was killed in an automobile accident. We held that the *Hiner* court did not abuse its discretion, but did not hold out the decision in that case as the standard by which other awards should be measured.

**{¶27}** White's reference to *Urseth v. City of Dayton*, 680 F. Supp. 1150, 1159 (S.D. Ohio 1987) is puzzling as it seems to support the finding of the trial court in this case. In *Urseth* the trial court ordered a remittitur of the $3,500,000 verdict, but still awarded the plaintiff's $300,000.00 for loss of society and $600,000.00 for mental anguish, nearly twice the sum awarded in this case. The fact that the decedent in *Urseth* was a husband and father may account for the difference in the verdicts, but the comparison discloses

the difficulty in using verdicts from other cases to measure the propriety of an award. The facts will often be so different as to render the comparison meaningless.

**{¶28}** White next introduces the holding in *Littleton v. Good Samaritan Hosp. & Health Ctr.*, 2nd Dist. Montgomery No. 9872, 1987 WL 11810 May 28, 1987, as an example of a case where the verdict was found to be clearly excessive, though the remittitur still awarded $300,000.00. We are unwilling to rely on this holding as the decision was reversed by the Supreme Court of Ohio: "Based on our resolution of these issues, it is unnecessary to address other issues raised by the parties. We reverse the judgment of the court of appeals and remand this cause for a new trial on all issues, including damages, based on the professional judgment standard." *Littleton v. Good Samaritan Hosp. & Health Ctr.*, 39 Ohio St.3d 86, 101, 529 N.E.2d 449, 462 (1988). Appellant does not offer any information about the fate of the case after remand.

**{¶29}** In *White v. Costilow*, 11th Dist. Trumbull No. 95-T-5339, 1996 WL 648740, *4–5*, a case cited by White, the court affirmed an award of $25,000.00 in a wrongful death case for a decedent who passed as a result of consuming a quantity of alcohol and drugs. The appellate court noted that the family testified to a close, loving relationship, and lack of any knowledge of a substance abuse problem. The facts of the case offered the jury the opportunity to question the family's credibility as a finding that the decedent had serious problems with alcohol consumption was warranted by the record. The court found that "If the jury concluded that the family's testimony was merely self-serving and of questionable credibility, then there was little else upon which to base an award beyond the $25,000.00. Based upon the foregoing review of the evidence, this court concludes that the state of the estate's evidence was such that it could have been interpreted to

support a limited award." *Id.* This holding supports affirmation of the decision of the jury in this case as it recognizes that "R.C. 2125.02 accords juries wide discretion in awarding damages for wrongful death * * *." *Ryne v. Garvey*, 87 Ohio App.3d 145, 156, 621 N.E.2d 1320, 1327 (2nd Dist.1993).

**{¶30}** The decedent in *Hamlin v. Ohio Dep't of Rehab. & Corr.*, Ohio Court of Claims No. 2014-00765, 2017-Ohio-8957 was incarcerated when he was killed by another inmate, but the jury still awarded his estate $350,000.00. Hamlin was a father to two children, only one of which he had developed a relationship. And the court found that there was a bond between Hamlin and his parents, despite the fact that they did not visit him regularly. The Court of Claims reviewed the elements of the Revised Code and concluded that the appropriate award was $325,000 for the loss of society and emotional distress of Hamlin's parents and children and $25,000.00 for the pain and suffering of the decedent. This decision is not a review of the reasonableness of the award, but simply a trial court decision that was apparently not appealed. And the facts of this case are so significantly different from the facts in the case before us, it is difficult to discern any analogy between the two.

**{¶31}** The Court of Claims awarded $275,000.00 for loss of society and mental anguish in *Bhola v. Northcoast Behavioral Health Care Cm,* 127 Ohio Misc. 2d 10 (Court of Claims 2004) but offered no analysis. The citation leads to the finding of facts issued by the Court of Claims with no factual background, though it is evident that there were ten beneficiaries of the decedent's estate. Without some factual reference, it is difficult to parse the usefulness of this decision other than to emphasize that each of these cases must stand on its own facts.

{¶32} In *Zavinski v. Ohio Dept. of Trans.*, 10th Dist. No. 18AP-299, 2019-Ohio-1735, 135 N.E.3d 1170 the court of appeals found that the trial court's award of $2,500,000.00 for non-economic damages was supported by the record. *Id.* at ¶ 4. White notes that in *Zavinski*, the surviving spouse's physical and mental condition had deteriorated since her spouse's death and that the loss of her husband removed the major source of her happiness, and emotional well-being, and that she endured significant mental anguish as a result of his death. He contends that because the next of kin did not express the same amount of suffering in this case, the verdict was excessive.

{¶33} The comparison is unpersuasive. The Appellee, Estate of Yoli, received twenty percent of what the Zavinski Estate received, so instead of revealing an inconsistency, these cases confirm that juries are giving careful consideration to the facts and making valid distinctions between cases that have different levels of loss.

{¶34} White cites cases that demonstrate the verdicts in wrongful death cases can vary widely and that those differences arise from the facts of each case. We find that none of the cases described by White are so analogous as to provide any assistance in reviewing White's allegation that the verdict is not supported by sufficient evidence or is against the manifest weight of the evidence.

{¶35} We note that Appellant is not arguing that Appellee has suffered no damage, but only that the amount of the verdict is not supported by the evidence in the record or is against the manifest weight of the evidence. He is complaining that that the verdict is excessive and supports his argument with verdicts from other cases which we have rejected as inapposite. In our review of Appellant's assignment of error we have "consider[ed] not only the amount of damages, but whether they were induced by the

admission of incompetent evidence, misconduct on the part of the court or counsel, or by any other action that occurred during the trial from which we can reasonably say that the jury was swayed in its determination of the amount of damages." *Hardesty v. P.J. Bordner Co.*, 5th Dist. Stark No. 1994CA00135, 1994 WL 728603, *4. Appellant does not direct our attention to any such incompetent evidence, misconduct or any other action that may have swayed the jury in its determination. *Cox v. Cox*, 12th Dist. Butler No. CA2008-06-077, 2009-Ohio-1446, ¶¶ 49. After a close review of the record, we find no improprieties in the presentation of the evidence and that the verdict is not so large as to suggest that the jury was improperly swayed by the trial court or the parties.

**{¶36}** We find that the record contains sufficient evidence to support the verdict of the jury and that the record and the verdict do not show that the jury clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered.

**{¶37}** White's sole assignment of error is denied.

**{¶38}**  The decision of the Fairfield County Court of Common Pleas is affirmed.


By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.